IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEVE E. KLINE, | : | No. 04cr269 |
| Petitioner | : | Judge Jones |
| v | : | |
| UNITED STATES OF AMERICA, | : | |
| Respondent | : | |

## MEMORANDUM AND ORDER

March 14, 2006

### THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

Pending before the Court is a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (doc. 39) filed by the Petitioner Steve E. Kline ("Petitioner" or "Kline") on March 10, 2006.  For the reasons that follow, the Motion filed pursuant to § 2255 will be dismissed without prejudice to the timely filing of a motion under § 2255 after Petitioner's pending appeal to the Third Circuit has been concluded. [1]

### FACTUAL BACKGROUND/PROCEDURAL HISTORY:

---

[1] Petitioner is expressly warned that 28 U.S.C. § 2255 contains a one-year period of limitation, and that it is his responsibility to fully familiarize himself with the events that trigger the activation of the said limitation period.

On November 2, 2004, Petitioner pled guilty to Count 1 of the indictment, which charged him with a violation of Title 18 of the United States Code, § 2251(a), sexual exploitation of children.  Subsequently, on March 23, 2005, the Court sentenced Petitioner to a 288 month term of imprisonment followed by a lifetime of supervised release.

On January 17, 2006, Petitioner filed a notice of appeal of his judgment of conviction.  (Rec. Doc. 37).  On January 24, 2006, the Third Circuit Court of Appeals assigned a docket number to Petitioner's appeal.  (Rec. Doc. 38).  On March 10, 2006, Kline filed the instant § 2255 Motion.

**DISCUSSION:**

In the Motion, Petitioner initially erroneously states that he did not appeal from his judgment of conviction; however, he subsequently asserts within the Motion that he has an appeal pending. The latter representation is of course correct. Petitioner then presents three grounds on which he claims he is being held in violation of the Constitution, laws or treaties of the United States, specifically, insufficient or ineffective counsel, prejudicial treatment by the United States, and unconstitutional sentencing.  (Rec. Doc. 39).

After a careful review of the record, we find that the present case, in which a direct appeal is pending, does not present circumstances that fall into the narrow

exception to the rule of exclusiveness of § 2255.  See Outterbridge v. Motley, 2005 WL 1541057 (D. N.J. June 30, 2005).  Consider, for example, that the case sub judice is not a situation where a Supreme Court's subsequent interpretation of the statute of conviction renders Petitioner's conduct non-criminal, such that the need for a remedy becomes apparent due to the exceptional nature of the case. Outterbridge, 2005 WL 1541057 at *2; see also Davis v. United States, 417 U.S. 333, 346 (1974); In re Dorsainvil, 119 F.3d 245, 250-52 (3d Cir. 1997) (permitting § 2241 petition by prisoner who had no earlier opportunity by direct appeal or § 2255 motion to challenge his conviction for a crime that an intervening change in substantive law may negate).

As the United States District Court of New Jersey explained in Outterbridge, it is clear that a § 2255 motion should not be heard while a direct appeal is pending regarding the same conviction.  Outterbridge, 2005 WL 1541057 at *2.  Moreover, the Advisory Committee Note, to Rule 5 of the Rules Governing § 2255 Proceedings, indicates that such a § 2255 motion "is inappropriate if the movant is simultaneously appealing the decision." Id.  In addition, as stated by the District Court in Outterbridge, while there is no jurisdictional bar to the District Court's entertaining a § 2255 motion during pendency of a direct appeal, the orderly administration of criminal law precludes considering such a motion absent

extraordinary circumstances.  "Other courts have likewise indicated their preference that a § 2255 motion should not be considered while an appeal is pending." Id.; Capaldi v. Pontesso, 135 F.3d 1122 (6th Cir. 1998); United States v. Tindle, 522 F.2d 689 (D.C. Cir. 1975).  Such a motion under § 2255, if filed during pendency of a direct appeal, is ordinarily dismissed without prejudice. United States v. Deeb, 944 F.2d 545 (9th Cir. 1991), cert. denied, 503 U.S. 975 (1992).  Accordingly, we hold that Petitioner's § 2255 Motion attacking his effectiveness of counsel, judgment of conviction, and sentence is premature as his direct appeal is pending before the Third Circuit Court of Appeals.  (Rec. Doc. 38).  Petitioner's § 2255 Motion will be dismissed without prejudice to the timely filing of a § 2255 Motion after his conviction has become final following appeal.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (doc. 39) is dismissed without prejudice to the timely filing of a motion under § 2255 after Petitioner's conviction has become final following appeal.

      s/ John E. Jones III
      John E. Jones III
      United States District Judge